# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

HELEN WRIGHT,

       *Plaintiff*,

*v.*

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant*.

_____/

CASE NO. 14-14327

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

## I.    RECOMMENDATION

Plaintiff Helen Wright brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"). Wright, now appearing *pro se*, has failed to comply with the Court's orders, and has given no response to the Court's order to show cause why this case should not be dismissed. For the reasons set forth below, the Court **RECOMMENDS** that Wright's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and because the ALJ's decision was supported by substantial evidence.

## II.    REPORT

### A.    Background and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to the undersigned magistrate judge for the purpose of

reviewing a final decision by the Commissioner denying Wright's claims under the Disability Insurance Benefits ("DIB") program of Title II, 42 U.S.C. §§ 401-34. (Doc. 2; Tr. 1-3).

This case is one of a series of Social Security benefits actions initiated by the law firm Davidson, Breen, Doud, Steele & Ferguson, P.C. ("the Doud Firm"), and nominally filed by attorney Richard J. Doud. On February 20, 2015, the Doud Firm filed a motion for summary judgment in Doud's name. (Doc. 9). On April 2, 2015, the Commissioner filed a motion for summary judgment. (Doc. 12). Courts in this district regularly found Doud's briefs to be deficient; upon investigation, it was revealed that Doud was no longer in practice, and that persons at Doud's former firm were filing in his name.

On April 18, 2015, Wright moved to substitute Doud with attorney James Smith, also of the Doud Firm. (Doc. 13). On May 7, 2015, the undersigned ordered the parties to submit supplemental briefs. (Doc. 16). On May 27, 2015, Smith filed a supplemental brief on behalf of Wright. (Doc. 17).

On May 20, 2015, a global stay of all Social Security cases in which Doud was listed as counsel was entered by Chief Judge Gerald Rosen pursuant to Administrative Order 15-AO-033; this stay was affirmed by a three judge panel on June 9, 2015. (Doc. 18). On October 19, 2015, a text-only order released cases covered by the stay back to the magistrate and district judges originally assigned; on November 18, 2015, the undersigned lifted the stay. (Doc. 19). That order informed Wright that the Doud Firm would no longer be representing her, and that Wright would be deemed *pro se* on

2

December 21, 2015, if she did not obtain alternate counsel by that date. (*Id.*). Further, the order informed Wright that "[o]nce new counsel is secured or the deadline lapses, whichever comes first, an amended briefing schedule w[ould] be entered." (*Id.*). On January 5, 2016, the undersigned ordered that Wright, having failed to obtain alternate counsel by the Court's deadline, was deemed *pro se*. (Doc. 20). The parties were granted "an additional 30 days to file any necessary supplemental briefings," and Wright was ordered that her "supplemental brief shall be filed on or before February 4, 2016." (*Id.*). Wright did not file a supplemental brief by that date; on February 17, 2016, the Court ordered Wright to show cause by March 2, 2016, why her case should not be dismissed for want of prosecution. (Doc. 22). This deadline has come and gone, yet Wright has been absent from these proceedings since May 27, 2015. None of the Court's orders have been returned as undeliverable, indicating that Wright is in receipt of those orders, but has chosen to not abide by them.

### B.      Dismissal is Appropriate Pursuant to Fed. R. Civ. P. 41(b)

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ."  Fed R. Civ. P. 41(b).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon

motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). Applying these factors, the Court finds that dismissal pursuant to Rule 41(b) is appropriate. Wright has been ordered to submit papers to the Court twice, on January 5, 2016, and February 17, 2016, yet has failed to make her presence known on the docket since mid-2015. (Docs. 20, 22). The Court's February 17, 2016, order specifically informed Wright that failure to comply could lead to dismissal. (Doc. 22). Wright had notice of these orders, which were delivered to her home address, and her failure to comply with these orders appears willful. Factors one and three thus favor dismissal. There is no indication that the Commissioner has been prejudiced by Wright's delays; factor two does not weigh in favor of dismissal. Factor four strongly supports dismissal; Wright has been totally absent from this case since the Doud Firm was terminated as her counsellors, therefore a sanction less than dismissal would be fruitless. *See Morley v.*

4

*Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (Holding that where a *pro se* petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available.").

### C.    The ALJ's Decision Was Supported by Substantial Evidence

Additionally, the Court finds that the ALJ's decision is supported by substantial evidence. The Court has thoroughly reviewed the record and found no error requiring remand. Wright's complaint does not set forth any specific error allegedly perpetrated by the ALJ, and instead states that "the only substantial issue in dispute . . . is whether the claimant was and still is under a disability beginning on December 21, 2011," the asserted date of disability. (Doc. 1 at 2). This broad assertion provides no reason to believe that the ALJ's decision was not supported by substantial evidence, but instead merely restates the task carried out by the ALJ.

The ALJ found that Wright suffered from the severe impairments of degenerative disc disease and degenerative joint disease of the shoulder, but that these impairments did not, even when considered in combination, equal a listed impairment. (Tr. 26-27). The ALJ found that Wright could perform work at a medium level of exertion, except that she can stoop at most on a frequent basis. (Tr. 28). The ALJ found that Wright suffered only mild impairments to each of the four areas of functioning considered under "paragraph B" in determining whether a claimant has a mental impairment, and thereby concluded that Wright did not suffer from any mental impairments. (Tr. 26-27). The ALJ's sufficiently thorough review of the medical evidence showed a fairly mild level of

physical debility, and did not reveal any impairment which would limit Wright to less than work at a medium level of exertion. (Tr. 29-30). The ALJ explicitly considered the findings of D.O. Edward Brophy and Dr. Siva Sankaran, and gave great weight to D.O. Brophy's opinion that Wright could perform work at a medium level of exertion. (Tr. 29).

The ALJ found Wright's alleged symptoms not entirely credible. (Tr. 30). The ALJ referred to Wright's significant self-professed symptoms (*e.g.* difficulty standing, experiencing eight out of ten pain even with treatment, inability to stand for more than fifteen minutes at a time) (Tr. 29, 41-49) and properly found that they clash with the relatively mild objective findings rendered by her physicians. This disconnect provides sufficient reason to doubt Wright's credibility. Further, the Court finds that the ALJ's review of the medical evidence provides a holistic picture of Wright's level of impairment. Wright injured her right shoulder on April 20, 2011, yet by December 19, 2012, reported that with treatment her shoulder symptoms were ninety percent resolved. (Tr. 348). Similarly, Wright sustained a back injury on or about May 16, 2011, and reported severe, nine out of ten pain on that date. (Tr. 228). Just four days later on May 20, 2011, Wright reported that her pain was "improved" with "just some slight pain" which she rated at three out of ten. (Tr. 220). While Wright reported some severe back pain in August 2012 following twisting at home, there is no indication that this symptom was long-lasting. (Tr. 354).

The Court also finds that Wright's activities of daily living are inconsistent with her asserted symptoms. Wright reported cooking, doing dishes, sweeping, mopping,

6

doing laundry, along with grocery shopping for several hours every other day and attending church weekly. (Tr. 51-52, 163-67). The medical evidence and Wright's own asserted daily activities belie her asserted degree of disability.

The ALJ's decision is thus supported by substantial evidence, and should be affirmed. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (An ALJ's decision which is supported by substantial evidence "must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.") (internal citations omitted).

### D.   Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Wright's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and because the ALJ's decision was supported by substantial evidence.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 7, 2016                    S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Helen Wright at 1213 Essling, Saginaw, MI 48601.

Date: March 7, 2016                    By s/Kristen Krawczyk
                                       Case Manager to Magistrate Judge Morris